## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

M-EDGE INTERNATIONAL CORPORATION

       *Plaintiff,*

v.

LIFEWORKS TECHNOLOGY GROUP LLC

       *Defendant.*

Civil Action No.   WDQ-14-3627

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers. not to the Clerk's Office.

### I. DEADLINES

A.    General Matters

    1.    Dates herein for filing or service are deadlines for actual delivery to the adverse party or the Clerk.

    2.    This Scheduling Order reflects dates agreed upon by all counsel

    3.    The parties have jointly requested an early settlement/ADR conference.

    4.    The parties have reported that there is not unanimous consent to proceed before a United States Magistrate Judge.

    5.    Within sixty (60) days after the entry of this Scheduling Order, any motion for joinder of additional parties and amendment of pleadings shall be filed.

B.    Discovery

    1.    Discovery (other than expert discovery) shall be completed by July 31, 2015.

    2.    Expert discovery shall proceed as follows:

        a.    Within thirty (30) days of the entry of the Court's claim construction order, each party shall:

    (i)     Advise each adverse party, of the identity of all proposed expert witnesses as to matters which the proposing party bears the burden of proof.

    (ii)    Provide Rule 26(a)(2) information.

    (iii)   Advise each adverse party of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

b.    Within sixty (60) days of the entry of the Court's claim construction order, each party shall:

    (i)     Advise each adverse party of the identity of any proposed expert witnesses not identified in the previous submission.

    (ii)    Provide Rule 26(a)(2) information.

    (iii)   Advise each adverse party of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

c.    Within ninety (90) days of the entry of the Court's claim construction order, each party shall:

    (i)     Advise each adverse party of the identity of any proposed expert rebuttal witnesses not identified in the previous submissions.

    (ii)    Provide Rule 26(a)(2) information.

    (iii)   Advise each adverse party of dates within 30 days on which each rebuttal expert shall be available for deposition so that depositions can be taken.

d.    Expert discovery shall be completed Within one hundred twenty (120) days of the entry of the Court's claim construction order.

C.    Patent Matters

The parties will follow the Local Rules with Regard to the schedule, contents, and requirements of each patent filing except were deviated from herein.

1.    Initial Disclosure of Infringement Contentions

By thirty (30) days from the date of this Scheduling Order, the Plaintiff shall file and serve an Initial Disclosure of Infringement Contentions, separately setting forth for each allegedly infringing party the following information:

a.   Each claim of each patent in suit that is allegedly infringed by each allegedly infringing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

b.   Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each allegedly infringing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

c.   A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function:

d.   For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described:

e.   Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

f.   For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

g.   The date of conception and the date of reduction to practice of each asserted claim;

h.   If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

i.   If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

2.   Production Accompanying Initial Disclosure of Infringement Contentions

With the Initial Disclosure of Infringement Contentions, the party claiming patent infringement shall produce to each allegedly infringing party or make available for inspection and copying all documents relating to:

a.  Any offers to sell or efforts to market each claimed invention prior to the date of the application for the patent (A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102);

b.  The standing of the party alleging infringement with respect to each patent upon which such allegations are based; and

c.  A copy of the file history for each patent in suit.

3.  Initial Disclosure of Invalidity Contentions

By sixty (60) days from the date of this Scheduling Order, the Defendant shall serve and file its Initial Disclosure of Invalidity Contentions, which shall contain the following information:

a.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title. date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly. used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

4

    d.    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

4.    Production Accompanying Initial Disclosure of Invalidity Contentions

With the Initial Disclosure of Invalidity Contentions, the Defendant shall produce or make available for inspection and copying a copy of any prior art identified in the Initial Disclosure of Invalidity Contentions that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

5.    A party may amend the Contentions described above upon written consent of all parties or, for good cause shown, upon leave of the Court.

6.    Claim Chart

By ninety (90) days from the date of this Scheduling Order, the Plaintiff shall file and serve a Claim Chart containing the following information:

    a.    Each claim of any patent in suit which the Plaintiff alleges was infringed;

    b.    Separately for each allegedly infringed claim, the identity of each accused apparatus, product, device, process, method. act, or other instrumentality ("Accused Instrumentality") of each allegedly infringing party;

    c.    Whether such infringement is claimed to be literal or under the doctrine of equivalents;

    d.    Where each element of each initial claim is found within each Accused instrumentality; and

    e.    If the Plaintiff wishes to preserve the right to rely on its own apparatus, product, device, process, method, act, or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method. act, or other instrumentality that incorporates or reflects that particular claim.

7.    Claim Construction Statement

By ninety (90) days from the date of the Scheduling Order, the Plaintiff shall also serve on each alleged infringing party a Proposed Claim Construction Statement containing the following information for each claim in issue:

    a.    Identification of any special or uncommon meanings of words or phrases in the claim;

b.   All references from the specification that support, describe, or explain each element of the claim;

c.   All material in the prosecution history that describes or explains each element of the claim; and

d.   Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

8.   Responsive Claim Chart

By one hundred twenty (120) days from the date of the Scheduling Order, the Defendant shall serve upon the Plaintiff a Responsive Claim Chart containing the following:

a.   The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall he identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b.   Whether the prior art anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified:

c.   Where, specifically, within each item of prior art each element of the claim is found;

d.   All grounds of invalidity other than anticipation or obviousness of any of the claims listed in the Claim Chart. This identification must be as specific as possible. For example, each party asserting a best mode defense must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible. Each party asserting an enablement defense must set forth

with particularity what is lacking, in the specification to enable one skilled in the art to make or use the invention; and

e.    If the claimant has alleged willful infringement, the date and a document reference number for each opinion of counsel upon which the party relies to support a defense to the willfulness allegation, including, but not limited to issues of validity, and infringement of any patent in suit.

9.    Responsive Claim Construction Statement

By one hundred twenty (120) days from the date of the Scheduling Order, the Defendant shall serve upon the party claiming infringement a Responsive Claim Construction Statement containing the following:

a.    Identification of any special or uncommon meanings of words or phrases in the claim in addition to those disclosed in the Proposed Claim Construction Statement;

b.    All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those described in the Proposed Claim Construction Statement;

c.    All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those described in the Proposed Claim Construction Statement; and

d.    Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

10.    Amendment of a Claims Chart or a Responsive Claims Chart may be made only on stipulation of all parties or by Order of the Court, which shall be entered only upon a showing of excusable subsequent discovery of new information or extraordinary good cause.

11.    Joint Claim Construction Statement

a.    By one hundred thirty (130) days from the date of the Scheduling Order, the parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.

b.    By one hundred forty (140) days from the date of the Scheduling Order, the parties, having met and conferred on claim construction, shall file a Joint Claim Construction Statement which shall contain the following information:

(i)     The construction of those claims and terms on which the parties agree;

(ii)    Each party's proposed construction of each disputed claim and term, supported by the same information that is required in the respective claim construction statements; and

(iii)   For any party who proposes to call one or more witnesses at any claim construction hearing, the identity of each such witness, the subject matter of his or her testimony, and an estimate of the time required for the testimony.

12.     Resolution of Claim Construction Issues

a.      By one hundred fifty (150) days from the date of the Scheduling Order, the parties shall file and serve opening briefs with supporting evidence and identification of any proposed Claim Construction Hearing witnesses.

b.      By one hundred seventy (170) days from the date of the Scheduling Order, the parties shall file and serve any responsive brief and supporting evidence directly rebutting their opponents supporting evidence and identifying any additional proposed Claim Construction Hearing witnesses.

c.      If directed by the Court on its own motion or on motion of a party, each party shall file under seal and serve a DVD or equivalent of no more than 30 minutes that includes a description of the technology at issue and a summary of the party's primary factual and legal positions.

(i)     The presentations shall be filed pursuant to a schedule to he set by further Order that shall include an opportunity for each side to comment ex parte on the other's presentation.

(ii)    The presentations need not be elaborate but, rather, only what is sufficient to be clear.

d.      If directed by the Court to file and serve videos pursuant to C.12.c above, within 15 days after receipt of the other party's video, each party shall serve (ex parte) and file under seal a letter of no more than five pages commenting on the other party's video.

e.      There shall be a claim construction hearing two hundred (200) days after the entry of this Scheduling Order (and/or such other dates as may be necessary).

13.     Advice of Counsel

Unless otherwise ordered by the Court, not later than thirty (30) days after entry

8

of the Court's claim construction order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

    a.    Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

    b.    Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

    c.    Serve a privilege log identifying any documents other than those identified in Local Rule 804.7.a, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney client privilege or work product protection.

    d.    A party who does not comply with the requirements of Local Rule 804.7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

D.    Summary Judgment Motions

    1.    Any dispositive motions relating to claim construction shall be filed no later than 30 days after the Court's ruling on claim construction issues.

    2.    The parties may, but need not, file dispositive motions that are not affected by claim construction at any time prior to 30 days after the Court's ruling on claim construction.

## II.  DISCOVERY

A.    Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not he made.

B.    Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f).

C.    Procedure

All the provisions of Local Rule 104 apply, including the following:

    1.    All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted

because of unanswered discovery requests.

2.      The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

3.      No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the Court.

4.      Motions to compel shall be filed in accordance with Local Rule 104.8 and the applicable CM/ECF procedures.

5.      Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

### III. STATUS REPORT

On July 31, 2015, the parties shall file a status report covering the following matters:

1.      Whether discovery has been completed;

2.      Whether any motions are pending:

3.      Whether any party intends to file a dispositive pretrial motion;

4.      Whether the case is to be tried by jury or non-jury and the anticipated length of trial:

5.      A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

6.      Whether each party believes it would be helpful to refer this case to another judge of this Court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

7.      Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment;

8.      Any other matter which you believe should be brought to the Court's attention.

## IV. DISPOSITIVE PRETRIAL 'MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. PRETRIAL CONFERENCE

I will schedule a pretrial conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a pretrial conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

The pretrial order shall be submitted five days before the pretrial conference is held, Counsel shall comply with Local Rule 106, as to submission and contents of the pretrial order. Requested volt• dire and requested jury instructions are due from all parties at the pretrial conference. A trial date will be set at the pretrial conference.

At the pretrial conference I will ask you whether a settlement conference or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. Please confer with your client about these matters before the conference so that you are in a position to respond.

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The Court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

**SO ORDERED:**

Date: _____                              _____

Hon. William D. Quarles, Jr.