IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

M-EDGE INTERNATIONAL              *
CORPORATION,
                Plaintiff        *

            vs.                  *    CIVIL ACTION NO. MJG-14-3627

LIFEWORKS TECHNOLOGY              *
GROUP LLC,
                Defendant         *

*        *        *        *        *        *        *        *        *

## MEMORANDUM AND ORDER RE PATENT CLAIM CONSTRUCTION

Pursuant to the Scheduling Order, the parties have filed materials relating to what they specify as material claim construction issues.  The Court has held a hearing regarding claim construction issues (a Markman[1] hearing) and has had the benefit of the arguments of counsel.

## I.   BACKGROUND

### A.   The Alleged Invention

Plaintiff M-Edge International Corporation ("M-Edge"] sues Defendant Lifeworks Technology Group LLC ("Lifeworks") for infringement of US Patent No. 8,887,910 "Low Profile Protective Cover Configurable as a Stand" ("the '910 Patent").

---

1    Markman v. Westview Instruments, Inc., 517 U.S. 370, 390 (1996).

The invention "relates generally to a protective casing or cover for an electronic device having a display, the protective casing or cover having a very low profile that can be unfolded to be configured as a stand for the electronic device." '910 Patent 1:6-10.

B.   The Claim Terms at Issue

Lifeworks contends that certain terms that appear in two independent claims, claims 1 and 6,[2] of the '910 Patent require judicial construction.  M-Edge contends that all such terms have their plain and ordinary meaning.

The claims are set forth hereafter, with the terms at issue emphasized.

Independent Claim 1:

A protective cover for an electronic device comprising:

a front cover;

a rear cover including a middle rear cover, an exterior rear cover, and a folding portion that connects the middle rear cover to the exterior rear cover;

an articulable back that connects the rear cover to the front cover;

---

[2]   Lifeworks has included in the Joint Claim Construction Statement [ECF No. 28] a request to construe the term "friction coefficient" in Claim 2 that, regretfully, presents a complete misunderstanding of the term in question.  It suffices to observe that a "friction coefficient" is not a force.

a holding sheet that forms a plane and is attached to an inner surface of the exterior rear cover and is not attached to the middle rear cover, the holding sheet having openings formed in the plane and located at corners of the holding sheet to form bands, the bands configured to attach to corners of the electronic device for securing the electronic device to the protective cover; and

an anti-slip pad attached to an inner surface of the front cover.

'910 Patent 6:52-67.

Independent Claim 6:

An electronic device casing comprising:

a front cover sheet;

a rear cover sheet including a middle section, an exterior section, and a hinge portion that connects the middle section to the exterior section of the rear cover sheet, the front cover and the rear cover having inner surfaces that face each other when the electronic device casing is in a closed state;

a spine portion that connects the rear cover sheet to the front cover sheet;

an elastic flat holding mat that forms a plane and is attached to an inner surface of the exterior section of the rear cover sheet and is not attached to the middle section of the rear cover sheet, the holding mat having openings formed in the plane and located at corners of the holding mat, the openings configured to pull over corners of the electronic device so that the openings engage with the corners of the electronic device for securing the electronic device to the casing; and

> an **anti-slip pad** attached to the inner surface
> of the front cover sheet.

'910 Patent 7:17-37.

## II.   DISCUSSION

### A.   General Principles of Claim Construction

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1115 (Fed. Cir. 2004) (citing Aro Mfg., Co. v. Convertible Top Replacement Co., 365 U.S. 336, 339 (1961)).

The construction of patent claims is a matter for the Court. Markman, 517 U.S. at 390. A court need only construe, however, claims "that are in controversy, and only to the extent necessary to resolve the controversy." Vivid Techs., Inc. v. Am. Science Eng'g, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999) (citations omitted).

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. See Teva Pharm. USA, Inc. v. Sandoz, Inc., 135 S. Ct. 831, 841 (2015). "In some cases, however, the district court will need to look beyond the patent's intrinsic evidence and to consult extrinsic

4

evidence in order to understand, for example, the background science or the meaning of a term in the relevant art during the relevant time period."   Id.

The Court must construe claim terms as they would be understood, in the context of the patent, by one of ordinary skill in the pertinent art.

As expressed in Phillips v. AWH Corp.:

> We have frequently stated that the words of a claim are generally given their ordinary and customary meaning.  We have made clear, moreover, that the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application.
>
> . . . .
>
> Importantly, the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification.

415 F.3d 1303, 1312-13 (Fed. Cir. 2005)(internal quotations omitted).

Ultimately, "in all aspects of claim construction, 'the name of the game is the claim.'" Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1298 (Fed. Cir. 2014) (quoting In re Hiniker Co., 150 F.3d 1362, 1369 (Fed. Cir. 1998)).  A term's context in the

asserted claim can be instructive, other asserted or unasserted claims can aid in determining the claim's meaning, and differences among the claim terms can also assist. Phillips, 415 F.3d at 1314-15.  "The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." Id. at 1316 (quoting Renishaw PLC v. Marposs Societa' per Azioni, 158 F.3d 1243, 1250 (Fed. Cir. 1998)).

    B.   Construction of the Claim Terms

        1.   A Sheet or Mat that forms a plane

           a.   Claim 1

Claim 1 includes the limitation of **"a holding sheet that forms a plane. . . ."**  '910 Patent 6:59.

Lifeworks seeks to have the Court state:

> The holding sheet includes a single piece of
> flexible material and forms a single plane.

Joint Cl. Constr. Stmt. 2, ECF No. 28.

The Court does not find that the claim should be construed as limited to a holding sheet that is a single piece of material.  Indeed, not only is this restriction absent from the claim itself but the disclosure includes an embodiment, one of three, in which the holding sheet "is made of two different layers." '910 Patent 6:32-33.   The Court finds Lifeworks'

reliance upon Retractable Techs., Inc. v. Becton, Dickinson & Co., 653 F.3d 1296 (Fed. Cir. 2011) ("RTI") misplaced.[3]

In RTI, the Federal Circuit found it appropriate, in the context of the patent there at issue, to import into claim language a limitation that the term "body" was limited to a "one piece body."  Id. at 1305.  The appellate court found justification for this action in regard to a patent in which the specifications "expressly recite that 'the invention' has a body constructed as a single structure, expressly distinguish the invention from the prior art based on this feature, and only disclose embodiments that are expressly limited to having a body that is a single piece."  Id.  The '910 Patent does not have these three attributes.[4]

There is no doubt, as agreed by M-Edge, that the term "a holding sheet" means one, i.e., not more than one, holding sheet and the term "a" plane means one, not more than one, plane.  In the unlikely event that any party should seek to contend that a singular article, i.e., a, an, or the, means something other than one, the Court will give a corrective instruction.

---

[3]   The RTI decision was not included in Lifeworks' briefing but was relied upon at the hearing.

[4]   While the '910 Patent does refer to prior art disclosure of covers having multiple parts, it does so in a context in which there is emphasis, among other things, of such multiple parts as protruding from a back cover, making the design thick and bulky, subject to breakage, etc.

Further, Defendant proposes the addition of the word "flexible," but there is no basis for adding such a limitation to Claim 1.

### b.   Claim 6

Claim 6 includes the limitation "**an elastic flat holding mat that forms a plane**. . . ."  '910 Patent 7:27.

Lifeworks seeks to have the Court state:

> The flat holding mat includes a single piece of flexible and elastic material and forms a single plane.

Joint Cl. Constr. Stmt. 2, ECF No. 28.

As discussed above, the Court does not find it appropriate to limit the claim to a single piece of material, the attempt to insert the word "flexible" is baseless, and singular articles have their ordinary meaning.

### c.   All claims

As discussed at the hearing, it is possible that a juror might think that the terms "sheet" and "mat" might have different meanings in the context of the '910 Patent.  The parties agree that the words are used interchangeably.  The Court shall include this in its claim construction.

2.    <u>Openings at the corners</u>

a.    <u>Claim 1</u>

Claim 1 states:  **"openings formed in the plane and located at the corners of the holding sheet to form bands. . . ."** '910 Patent 6:62-63.

Lifeworks seeks to have the Court state:

> Openings formed in the plane and located at
> corners of the holding sheet to form bands
> in that plane and the openings are coplanar
> with the holding sheet.

Joint Cl. Constr. Stmt. 2, ECF No. 28.

It is, of course, true that the claim requires that the openings are coplanar with the holding sheet.  However, that is what the claim, as drafted, clearly states.  "Openings formed in the plane" are, by definition, coplanar with the holding sheet out of which the openings are formed.   Hence, no construction is needed.

b.    <u>Claim 6</u>

Claim 6 states:  **"the holding mat having openings formed in the plane and located at corners of the holding mat. . . ."** '910 Patent 7:30-32.

Lifeworks seeks to have the Court state:

> Openings formed in the plane and located at
> corners of the holding mat and the openings
> are coplanar with the holding mat.

Joint Cl. Constr. Stmt. 2, ECF No. 28.

As discussed above, openings formed in the plane from the holding mat are, by definition, coplanar with the mat. Hence, no construction is needed.

### 3. Attached to an Inner Surface

#### a. Claim 1

Claim 1 states: **"a holding sheet . . . attached to an inner surface of the exterior rear cover. . . ."** '910 Patent 6:59-60.

Lifeworks seeks to have the Court state:

> The holding sheet and/or elastic flat
> holding mat is directly attached to the
> inner surface of the exterior rear cover by
> an attachment means (such as by stitching,
> adhesive glue, staples, rivets, plastic
> welding, Velcro).

Joint Cl. Constr. Stmt. 2, ECF No. 28.

Lifeworks seeks to add the limitation that the holding sheet is directly attached to the surface. Lifeworks presents no sound basis for adding this limitation to the claim.

Lifeworks' proposal to add the superfluous limitation of an attachment means is rejected. By definition, if the sheet is

attached to the surface, it must be attached by some attachment means.  Lifeworks proposal to add in examples of attachment means is, at best, superfluous and, at worst misleading if considered to state that the claim includes a limitation as to on the type of attachment means.

    4.   <u>Anti-slip Pad</u>

    a.   <u>Claims 1[5] and 6</u>

Each of claims 1 and 6 include the limitation of **"an anti-slip pad attached to an inner surface of the front cover. . . ."** '910 Patent 6:66-67, 7:36-37.

Lifeworks seeks to have the Court state:

> The pad is attached to the upper surface of the front cover and the pad has anti-slip properties having a coefficient of friction to prevent slipping of the electronic device.

Joint Cl. Constr. Stmt. 2, ECF No. 28.

It is difficult to understand Lifeworks' proposal to limit the surface to which the anti-slip pad is attached to "the upper surface" rather than "an inner surface."  In the context of the invention, relating to a "book cover" type device, reference here to an "upper surface" of a cover might be viewed as

---

[5]    Each of claims 2 and 3 depend from claim 1 and refer to "the anti-slip pad" of Claim 1.  '910 Patent 7:1, 8, 9.

ambiguous as between an inside or outside cover.  The term "inner surface" is clear and unambiguous.

Stating that at anti-slip pad has "anti-slip properties" is superfluous.

Adding to independent claims 1 and 6 that the anti-slip properties have "a coefficient of friction to prevent slipping of the electronic device" is an unwarranted effort to have the claims construed to create an argument (in regard to these claims) based upon the type of anti-slip pad in an accused device.

First, the proposed added limitation is not present in either claim.  Second, the absence of the limitation from claim 1 is made manifest by the doctrine of claim differentiation, which "creates a presumption that each claim in a patent has a different scope. The difference in meaning and scope between claims is presumed to be significant to the extent that the absence of such difference in meaning and scope would make a claim superfluous." Versa Corp. v. Ag-Bag Int'l Ltd., 392 F.3d 1325, 1330 (Fed. Cir. 2004).

Ordinarily, a dependent claim has a narrower scope than the claim from which it depends. See, e.g., Phillips, 415 F.3d at 1315. Correspondingly, an independent claim ordinarily has a broader scope than a claim that depends from it. See, e.g., Free

<u>Motion Fitness. Inc. v. Cybex Int'l Inc.</u>, 423 F.3d 1343, 1351

(Fed. Cir. 2005).

Claim 1 simply states that there is an anti-slip pad.

Dependent claim 2 states:

> The protective cover of claim 1,
> wherein the anti-slip pad has an upper
> surface having a friction coefficient, the
> friction coefficient maintaining a position
> of the electronic device secured by the
> holding sheet. . . .

'910 Patent 7:1-4.

Thus, in the context of the instant patent, the Court finds

that the dependent claim 2 requirement of an anti-slip pad

operating by means of a friction coefficient is a persuasive

indicator that the anti-slip pad limitation of Claim 1 may

include a different type of anti-slip pad, such as one that

operates by means of cavities or ridges.


III. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes the

following with regard to the construction of the claim terms at

issue:

1. All terms used in the patent claims are given
   their plain and ordinary meaning.

2. In all claims, the singular articles a, an, and
   the, have a singular meaning.  For example, "a
   tree" would mean exactly one tree, not any other
   number of trees.

3.   In all claims, the words "sheet" and "mat" have the same meaning.

SO ORDERED, on <u>Tuesday, February 16, 2016</u>.


<u>                  / s /                  </u>
Marvin J. Garbis
United States District Judge