| | |
|---|---|
| CHAMBERS OF<br>BETH P. GESNER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4288 |

March 3, 2016

Jeffrey Lopez, Esq.
Brianna Silverstein, Esq.
Drinker, Biddle & Reath LLP
1500 K Street, NW, Suite 1100
Washington, D.C. 20005

Ezra Sutton, Esq.
Ezra Sutton and Associates, PA
900 Route 9 North, Suite 201
Woodbridge, NJ 07095

Frederick Samuels, Esq.
Cahn and Samuels LLP
1100 17th St NW, Suite 401
Washington, DC 20036

Subject: M-Edge International Corporation v. LifeWorks Technology Group, LLC
Civil No.: MJG-14-3627

Dear Counsel:

On January 28, 2016, I determined that "the continued failure of defendant to comply with this court's orders" regarding discovery made it appropriate for "defendant and defendant's counsel to pay plaintiff reasonable attorneys' fees and expenses incurred in the preparation of the parties' January 13, 2016 correspondence (ECF No. 61) and Plaintiff's January 14, 2016 Letter." (ECF No. 64.) I therefore directed plaintiff to submit a "brief letter detailing its specific request for fees." (Id.)

Currently pending before the court is plaintiff's request for attorney's fees, dated February 9, 2016. (ECF No. 67.) The request is accompanied by the sworn Declaration of Jeffrey J. Lopez in Support of Bill of Costs. (ECF No. 67-1.) No response was requested from defendant, and none has been filed.

Mr. Lopez's declaration states that counsel for plaintiff performed a total of 7.9 hours of work valued at $3,517.50. (ECF No. 67-1 at 2.) The 7.9 hours includes: 1.1 hour of work by Mr. Lopez, a partner at Drinker, Biddle & Reath who has over twenty years of litigation experience; 5.6 hours of work by Ms. Brianna Silverstein, an associate at the firm who has over six years of litigation experience; and 1.2 hours of work by Mr. Gallup, a paralegal at the firm.

In order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" by multiplying the number of hours reasonably expended times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984); Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). Plaintiffs have followed this methodology in calculating their request for fees. Furthermore, the movant must demonstrate that "the number of hours for which [it] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." Victor Stanley, Inc. v. Creative Pipe, Inc., No. MJG-06-2662, 2011 WL 2552472, at *3 (D. Md. Jan. 24, 2011) (internal quotation marks omitted). I find that the

hourly rates requested are reasonable[1] and that the time expended was appropriate.

In my January 28 letter, I stated that I would award attorneys' fees "incurred in the preparation of the parties' January 13, 2016 correspondence (ECF No. 61) and Plaintiff's January 14, 2016 Letter." (ECF No. 64.) I will not award attorneys' fees, however, for the 1.6 hours expended preparing the request for fees and accompanying Declaration. (ECF No. 67.) Accordingly, plaintiff is entitled to an award of $2,755.50 for 6.3 hours of work performed on discovery issues.

Counsel for defendant is directed to remit **$2,755.50**[2] to counsel for plaintiff by **April 15, 2016**.

Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge

---

[1] While the hourly rates requested by plaintiff's counsel are higher than those outlined in this court's Local Rules, these rates reflect counsel's expertise and specialization in patent litigation.

[2] This total reflects: $562.50 for Mr. Lopez's work (.9 hours x $625.00 per hour); $1,911.00 for Ms. Silverstein's work (4.2 hours x $455.00 per hour); and $282.00 for Mr. Gallup's work (1.2 hours x $235.00 per hour).