```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

M-EDGE INTERNATIONAL            *
CORPORATION,
              Plaintiff         *

         vs.                    *    CIVIL ACTION NO. MJG-14-3627

LIFEWORKS TECHNOLOGY            *
GROUP LLC,
              Defendant         *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER RE: MOTIONS TO STRIKE

The Court has before it Defendant Lifeworks' Motion for Reconsideration and/or to Preclude Plaintiff from Pursuing Claims of Infringement Under the Doctrine of Equivalents [ECF No. 105] and the materials submitted relating thereto. The Court has considered the materials and finds that a hearing is unnecessary.

As stated by Judge Ramsey in Weyerhaeuser Corp. v. Koppers Co., Inc.:

> A motion for reconsideration (or, to alter or amend judgment) made pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

771 F. Supp. 1406, 1419 (D. Md. 1991); see also Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.

1998).  Such a motion "cannot be used to raise arguments which could, and should, have been made before [the determination on which reconsideration is sought was] issued."  Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986).

However, "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders."  Saint Annes Dev. Co. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011)(quoting American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003)).  This does not mean that the court must disregard the standards applicable to motions to reconsider under Rules[1] 59(e) and 60(b), but rather it is "left within the plenary power of the Court that rendered them to afford such relief from them as justice requires."  Id. (quoting Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991)).

Lifeworks, incorporating by reference its prior motions papers, repeats the same arguments made in support of its original motion.  A motion that simply repeats contentions that have already been rejected are not sufficient to convince the Court to reconsider and are rejected for the reasons stated in

---

[1]   All references to Rules herein are to the Federal Rules of Civil Procedure.

2

the challenged order.  Lifeworks requests, in the alternative, that the Court preclude plaintiff, M-Edge International Corporation ("M-Edge"), from pursuing claims of infringement under the doctrine of equivalents pursuant to Rules 16(f) [Sanctions], 26(e)[Duty to Supplement Disclosures], and 37(b)[Sanctions].

Lifeworks argues that M-Edge failed to properly allege "doctrine of equivalent" ("DOE") contentions with regard to claims 1, 2, and 6, and also failed to supplement or amend those contentions.  Lifeworks also appears to seek sanctions on the basis that M-Edge violated the Court's scheduling order by not providing sufficient DOE detail in its infringement contentions charts.

First, M-Edge included DOE allegations in its Complaint and Amended Complaint.  See Compl. ¶ 10, ECF No. 1, Am. Compl. ¶ 11, ECF No. 76.  Second, in its Initial Disclosure of Infringement Contentions, and in the corresponding Claim Charts, M-Edge asserts DOE contentions.  See ECF Nos. 19, 22.  Further, at the claim construction hearing, DOE was discussed, although M-Edge confirmed that discussions between it and Lifeworks had only been top-level up to that point.  Hr'g Tr. 108:8-15.  Certainly, Lifeworks has been on notice since day one that M-Edge would be

pursuing DOE contentions and has discussed the theory with M-Edge.

Lifeworks cites to a number of Federal Circuit cases that support the exclusion of evidence as an appropriate sanction for the failure to comply with local patent rules or court orders. The Court notes that of the cited cases, all but one[2] were in the context of a motion in limine or motion for summary judgment. See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1369 (Fed. Cir. 2006)(upholding a district court's grant of summary judgment where plaintiff failed to timely provide evidence supporting its theory of infringement); Woods v. DeAngelo Marine Exhaust, Inc., 692 F.3d 1272, 1277 (Fed. Cir. 2012)(granting the motion to strike lodged at the beginning of the defense case at trial); Howmedica Osteonics Corp. v. Zimmer, Inc., 822 F.3d 1312, 1325 (Fed. Cir. 2016)(finding that the district court did not abuse its discretion in preventing the assertion of DOE when it was first contended at the summary judgment stage); SanDisk Corp. v. Memorex Prod., Inc., 415 F.3d 1278, 1292 (Fed. Cir. 2005)(finding that the district court did not abuse its discretion in its summary judgment ruling).

---

[2]   Realtime Data, LLC v. Morgan Stanley, No. 11 CIV. 6696 KBF, 2012 WL 3158196, at *1 (S.D.N.Y. Aug. 2, 2012), aff'd, 554 F. App'x 923 (Fed. Cir. 2014) was a complex case with multiple actions and multiple defendants consolidated for pre-trial proceedings with a firm trial date.

Accordingly,

1. Defendant Lifeworks' Motion for Reconsideration and/or to Preclude Plaintiff from Pursuing Claims of Infringement Under the Doctrine of Equivalents [ECF No. 105] is DENIED.

2. This action does not restrict Defendant from presenting whatever contentions may be appropriate in regard to any motion for summary judgment or motion in limine.

3. The deadlines for completion of expert discovery and filing of motions for summary judgment remain as stated in the Court's prior Order [ECF No. 104].

SO ORDERED, on Monday, August 29, 2016.

/s/
Marvin J. Garbis
United States District Judge